IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHELLIE GIBBS** | CIVIL ACTION COMPLAINT NO. |
| Plaintiff, | |
| | JURY TRIAL OF TWELEVE (12) JURORS DEMANDED |
| v. | |
| **TRANS UNION LLC** | |
| And | |
| **EQUIFAX INFORMATION SERVICES LLC** | |
| And | |
| **BANK OF AMERICA, N.A.** | |
| And | |
| **WELLS FARGO BANK, N.A. d/b/a WELLS FARGO DEARLER SERVICES** | |
| Defendants | |

## CIVIL ACTION COMPLAINT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant Trans Union is a citizen of the Commonwealth of Pennsylvania, as defined by 28 U.S.C. §1391(c)(2).

## PARTIES

1

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Trans Union's consumer dispute center is located in the Eastern District of Pennsylvania.

6. Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over 250,000 consumers in Pennsylvania.

7. Defendant, Bank of America, N. A., (hereinafter, Bank of America) is a Foreign for-profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Bank of America is a financial institution actively conducting business in Pennsylvania.

8. Defendant, Wells Fargo Bank, N. A. d/b/a Wells Fargo Dealer Services, (hereinafter, Wells Fargo) is a Foreign for-profit company registered to do business in Pennsylvania and with a

registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Wells Fargo is a financial institution actively conducting business in Pennsylvania.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

10. Defendants are reporting Plaintiff's Bank of America, N. A. (Bank of America) account # 5292**** on Plaintiff's credit reports.

11. Plaintiff's debt with Bank of America arose from a home mortgage loan. Bank of America closed the account on 07/16/2013, after the account was closed with a zero balance. Plaintiff's payment obligations to Bank of America ceased.

12. The trade line was updated to reflect a $0 balance when the account was closed on 07/16/2013.

13. According to Plaintiff's Trans Union credit report dated 03/08/2019, Plaintiff's Bank of America account was closed with a $0 balance on or about 07/16/2013. Despite the Bank of America account being closed with a $0 balance on or around 07/16/2013, Bank of America continued to report an erroneous pay status of "Account 120 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 03/08/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 120 Days Past Due Date as of 03/08/2019. Not only is the Bank of America account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this

reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

14. According to Plaintiff's Equifax credit report dated 02/15/2019, Plaintiff's Bank of America account was closed with a $0 balance on or about 07/2013. Despite the Bank of America account being closed with a $0 balance on or around 07/2013, Bank of America continued to report an erroneous pay status of "Over 120 Days Past Due" for the above listed account on Plaintiff's Equifax report dated 02/15/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as Over 120 Days Past Due as of 02/15/2019. Not only is the Bank of America account false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

15. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "120 Days Past Due Date" or "Over 120 Days Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to Bank of America have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "120 Days Past Due Date" or "Over 120 Days Past Due", the correct reporting would have reported the pay status as "closed". Reporting the account as currently 120 Days Past Due Date or Over 120 Days Past Due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are

more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 120 Days Past Due Date or Over 120 Days Past Due is reporting as if Plaintiff is currently late on payments to Bank of America even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

16. Defendants are reporting Plaintiff's Wells Fargo Bank, N. A., (Wells Fargo) account # 2000* on Plaintiff's credit reports.

17. Plaintiff's debt with Wells Fargo arose from an auto loan. Wells Fargo closed the account on 06/04/2013, after the account was closed with a zero balance. Plaintiff's payment obligations to Wells Fargo ceased.

18. The trade line was updated to reflect a $0 balance when the account was closed on 06/04/2013.

19. According to Plaintiff's Trans Union credit report dated 03/08/2019, Plaintiff's Wells Fargo account was closed with a $0 balance on or about 06/04/2013. Despite the Wells Fargo account being closed with a $0 balance on or around 06/04/2013, Wells Fargo continued to report an erroneous pay status of "Account 30 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 03/08/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30 Days Past Due Date as of 03/08/2019. Not only is the Wells Fargo account false on the face of the credit report but this reporting is

misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

20. According to Plaintiff's Equifax credit report dated 02/15/2019, Plaintiff's Wells Fargo account was closed with a $0 balance on or about 06/2013. Despite the Wells Fargo account being closed with a $0 balance on or around 06/2013, Wells Fargo continued to report an erroneous pay status of "30-59 Days Past Due" for the above listed account on Plaintiff's Equifax report dated 02/15/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30-59 Days Past Due as of 02/15/2019. Not only is the Wells Fargo account false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

21. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "30 Days Past Due Date" or "30-59 Days Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to Wells Fargo have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "30 Days Past Due Date" or "30-59 Days Past Due", the correct reporting would have reported the pay status as "closed". Reporting the account as currently 30 Days Past Due Date or 30-59 Days Past Due appears as if the account

is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 30 Days Past Due Date or 30-59 Days Past Due is reporting as if Plaintiff is currently late on payments to Wells Fargo even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

22. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Bank of America and Wells Fargo accounts as reported by Trans Union, Equifax, Bank of America and Wells Fargo to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

23. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

24. Plaintiff disputed the inaccurate late pay status on their Bank of America and Wells Fargo accounts through dispute letters sent to Trans Union and Equifax.

25. Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

26. Trans Union and Equifax did not provide a good faith investigation into the disputed pay status of the Bank of America and Wells Fargo accounts. Trans Union and Equifax did nothing more than parrot inaccurate data from Bank of America and Wells Fargo in their investigation.

27. Bank of America did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Bank of America account.

28. Wells Fargo did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Wells Fargo account.

29. Based upon information and belief, Trans Union and Equifax received Plaintiff's disputes and transmitted the dispute to Bank of America and Wells Fargo, triggering the investigation duties for all defendants; however, all defendants failed. Had they conducted a proper investigation, they would have discovered that the reporting of a late pay status for $0 balance accounts is nonsensical and wrong. Instead, Trans Union and Equifax verified the erroneous trade lines displaying the late pay status.

30. Bank of America continues to report, and Trans Union and Equifax continue to allow Bank of America to report, a pay status indicating that the debt is currently late.

31. Wells Fargo continues to report, and Trans Union and Equifax continue to allow Wells Fargo to report, a pay status indicating that the debt is currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

32. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

34. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed Bank of America and Wells Fargo to report a pay status as actively delinquent despite a $0 balance indicated on the trade lines.

36. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

37. Plaintiff's Bank of America and Wells Fargo accounts were closed with a $0 balance, but Trans Union continues to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid; however, they continue to report a current status as past due.

38. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

39. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant

to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT II
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

40. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

42. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their Bank of America and Wells Fargo accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 120 Days Past Due Date" and "Pay Status: Account 30 Days Past Due Date".

44. Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Bank of America and Wells Fargo were reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its

duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Bank of America and Wells Fargo accounts. Trans Union simply parroted data from Bank of America and Wells Fargo. Trans Union did nothing more than regurgitate data from Bank of America and Wells Fargo.

45. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

46. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

47. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

**COUNT III**
**EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b)**
**OF THE FAIR CREDIT REPORTING ACT**

48. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

50. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

51. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed Bank of America and Wells Fargo to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

52. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

53. Plaintiff's Bank of America and Wells Fargo accounts were closed with a $0 balance, but Equifax continues to report the accounts with a late/past due status. If Equifax had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that these accounts were paid; however, they continue to report a current status as past due.

54. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

55. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT IV
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

56. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

57. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

58. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their Bank of America and Wells Fargo accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Over 120 Days Past Due" and "Pay Status: 30-59 Days Past Due".

60. Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Bank of America and Wells Fargo were reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Bank of America and Wells Fargo accounts. Equifax simply parroted data from Bank of America and Wells Fargo. Equifax did nothing more than regurgitate data from Bank of America and Wells Fargo.

61. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

62. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

63. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

# COUNT V
# BANK OF AMERICA'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

64. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

65. At all times pertinent hereto, Bank of America was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

66. Bank of America willfully and negligently supplied to Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

67. Bank of America willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Bank of America conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

68. Bank of America did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union and Equifax. Bank of America's investigation was unreasonable and lacking because it failed to lead Bank of America to correct the inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Trans Union and Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current but past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Bank of America account is being reported as a current past due obligation monthly, which is inaccurate.

69. Bank of America willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

70. As a direct and proximate cause of Bank of America failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

71. Bank of America's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Bank of America was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT VI
## WELLS FARGO'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

72. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

73. At all times pertinent hereto, Wells Fargo was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

74. Wells Fargo willfully and negligently supplied to Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

75. Wells Fargo willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Wells Fargo conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

76. Wells Fargo did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union and Equifax. Wells Fargo's investigation was unreasonable and lacking because it failed to lead Wells Fargo to correct the

inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Trans Union and Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current but past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Wells Fargo account is being reported as a current past due obligation monthly, which is inaccurate.

77. Wells Fargo willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

78. As a direct and proximate cause of Wells Fargo failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

79. Wells Fargo's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Wells Fargo was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

80. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the negative tradelines provided by Bank of America and Wells Fargo on Plaintiff's Trans Union and Equifax reports even though Trans Union and Equifax were put on notice of the inaccurate negative reporting through Plaintiff's dispute letters.

81. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

82. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
ATTORNEY FOR PLAINTIFF
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
mweisberg@weisberglawoffices.com

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
ATTORNEY FOR PLAINTIFF
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
gary@schaflaw.com

BY: */s/ Dennis McCarty*
DENNIS McCARTY, ESQ
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd
Suite 101 #504
Rockwall, TX 75032

817-704-3375
Fax: 817-887-5069
dennismccartylaw@gmail.com

DATED: 12-12-2021