**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHELLIE GIBBS,** | |
| *Plaintiff,* | Case No. 2:21-cv-00667-JDW |
| v. | |
| **TRANS UNION LLC, *et al.*,** | |
| *Defendants.* | |

## MEMORANDUM

Shellie Gibbs wants Wells Fargo to defend a dispute under the Fair Credit Reporting Act in Pennsylvania, even though Ms. Gibbs lives in Texas and obtained an auto loan from Wells Fargo Bank, N.A. in Texas. But Wells Fargo is not based in Pennsylvania, and its actions giving rise to this case did not take place in Pennsylvania. Wells Fargo is therefore not subject to personal jurisdiction in Pennsylvania in this case. The Court will grant Wells Fargo's motion to dismiss.

## I.    BACKGROUND

### A.    Facts Of The Case

Ms. Gibbs lives in Texas. She had an auto loan account with Wells Fargo. She paid that account in full on June 4, 2013. As late as March 8, 2019, Trans Union reported the account on her credit report as "30 Days Past Due Date" but having a current balance of $0. Ms. Gibbs considers those two entries to be at odds, and she notified Trans Union of that dispute in a letter dated February 10, 2019. Trans Union contacted Wells Fargo to inquire about the account, and Wells Fargo verified that the account information was accurate.

### B.    Procedural History

Ms. Gibbs filed her initial complaint against Trans Union, Wells Fargo, and Bank of America on February 12, 2021. Wells Fargo moved to dismiss for lack of personal jurisdiction, but Ms. Gibbs amended her complaint, mooting the motion. In the Amended Complaint, Ms. Gibbs alleges that Wells Fargo failed to conduct a reasonable and good faith investigation of Ms. Gibbs's dispute and failed to delete or correct inaccurate information from her credit report. Wells Fargo again moved to dismiss for lack of personal jurisdiction. That Motion is ripe for decision.

## II.    LEGAL STANDARD

A district court may dismiss a complaint for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2). When confronted with a motion to dismiss on this basis, a court must accept all of a plaintiff's factual allegations as true and resolve all factual disputes in the plaintiff's favor. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). However, once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the non-resident defendant. *Id.* It is not sufficient to rely on the pleadings alone. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff demonstrates a *prima facie* case of personal jurisdiction, the burden shifts back to the defendant to establish that the exercise of jurisdiction would be unreasonable. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

### III.   DISCUSSION

Federal Rule of Civil Procedure 4(k) gives a district court the ability to exercise jurisdiction to the same extent as a court of general jurisdiction in the state where the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute gives its courts jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution. *See* 42 Pa. Cons. Stat. § 5322(b). In order for a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Control Screening, LLC v. Technolgical Application and Production Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Ms. Gibbs argues for both, but she proves neither.

### A.      General Jurisdiction

General jurisdiction arises where a party is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In the case of a corporation, that is generally the company's place of incorporation and its principal place of business. *See id.* Establishing general jurisdiction outside of those places is "incredibly difficult." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016).

Wells Fargo is not incorporated in Pennsylvania; it is a National Banking Association, and a National Banking Association is only at home in the state where it is based. *See Anderjaska v. Bank of Am., N.A.*, No. 1:19-cv-3057-LTS-GWG, 2021 WL

877558, at * 2 (S.D.N.Y. Mar. 9, 2021) (Wells Fargo not subject to general jurisdiction in New York); *Haring v. Wells Fargo Bank N.A.*, No. C 18-3310 SBA, 2018 WL 10471109, at * 4 (N.D. Cal. Oct. 17, 2018) (same for California). Nor does it have its principal place of business in Pennsylvania. Ms. Gibbs offers no evidence demonstrating that Wells Fargo is otherwise "at home" in Pennsylvania. She alleges in the Amended Complaint that claims that Wells Fargo "conduct[s] regular, continuous, systematic, and substantial business in the Eastern District," but a mere allegation that a defendant operates in a state does not render the defendant "at home" there. *See Spear v. Marriott Hotel Servs.*, No. 15-6447, 2016, 2016 WL 194071, at *3 (E.D. Pa. Jan. 15, 2016) In opposing the motion, Ms. Gibbs makes just a conclusory assertion that Wells Fargo is subject to general jurisdiction in Pennsylvania because it has been a party to over 2,800 lawsuits in Pennsylvania. But that statistic just shows that Wells Fargo does business here, not that it is "at home" here. *See Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

### B.    Specific Jurisdiction

Specific jurisdiction arises when a party directs its conduct into the forum jurisdiction and the claims arise from those activities. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020). To prove that specific jurisdiction exists, a plaintiff must demonstrate three elements: 1) the defendant "purposefully directed [its] activities" at the forum; 2) the plaintiff's claims "arise out of or relate to" at least one of those activities; and 3) if so, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* (quotes omitted). The

threshold inquiry is whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463-64 (E.D. Pa. 2019). Physical presence in the forum is not required, "[b]ut what is necessary is a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317; *see Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1173, 1781 (2017).

Ms. Gibbs has not shown that Wells Fargo purposefully directed its activities at Pennsylvania. Ms. Gibbs does not allege that Wells Fargo's investigation occurred in Pennsylvania. She also is not a resident of Pennsylvania, nor did she suffer a harm within Pennsylvania as a result of Wells Fargo's actions. *See Rogers v. Smith Volkswagen, LTD*, 2020 WL 1676400, at *5 (E.D. Pa. Apr. 6, 2020) ("[T]he plaintiff's state of residence is the focal point of the harm suffered from a violation of the disclosure provisions of the FCRA."). Ms. Gibbs also has not offered any evidence that the loan at issue originated in Pennsylvania (and Wells Fargo has represented that it did not).

Ms. Gibbs's claim against Wells Fargo is that it failed to reasonably investigate a disputed account that she opened in Texas when Trans Union notified Wells Fargo of the dispute. Trans Union contacted Wells Fargo after Ms. Gibbs initiated a dispute over her credit report. Wells Fargo's investigation and response does not demonstrate any intent to direct conduct to Pennsylvania or to purposefully avail itself of Pennsylvania law in connection with Ms. Gibbs.

**IV.     CONCLUSION**

      Ms. Gibbs has not demonstrated that the Court has personal jurisdiction over Wells Fargo because Wells Fargo did not purposefully direct its activities at Pennsylvania and it is not at home here. Therefore, the Court will grant Wells Fargo's Motion and dismiss the claims against it for lack of personal jurisdiction. An appropriate Order follows.

                                  **BY THE COURT**:

                                  */s/ Joshua D. Wolson*
                                  JOSHUA D. WOLSON, J.

June 10, 2021